# <u>EXHIBIT A</u>

County of Cook      )
                    )  ss.
State of Illinois   )

#40058

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

BONNIE J. HLEVYACK-SULLINS,     )
                                )
                    Plaintiff,  )      Case No. 2021 L 003575
        vs.                     )
                                )      **JURY DEMADED**
TRISH MCEVOY, LTD.,             )
                                )
                    Defendants. )

### AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, BONNIE J. HLEVYACK-SULLINS (hereinafter "Plaintiff"), by and through her attorneys, Weiss Ortiz P.C., and for her Amended Complaint against the Defendant, TRISH MCEVOY, LTD., (hereinafter "Defendant"), states as follows:

### PARTIES

1.     Defendant is an active corporation under the name "TRISH MCEVOY, LTD, and a New Jersey corporation conducting business in the City of Chicago, State of Illinois.

2.     Plaintiff is a resident of the City of Chicago, County of Cook, state of Illinois.

3.     Defendant develops, manufactures and resales cosmetics. It also provides effortless makeup tools, hires make-up artist to provide its services in different location in the City of Chicago, County of Cook.

### FACTS

4.     Plaintiff was hired by Defendant on July 15, 2014.

FILED-1
2021 DEC -2 AM 11:04
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

1

5.      Plaintiff was hired as a Make-Up-Artist. Her duties were to provide make up artistry to Defendant's clients.

6.      On February 5, 2020, she was discharged without cause.

7.      Plaintiff was wrongfully discharged by Defendant because of her religious beliefs and her religion—Christianity, in violation of her legal rights.

8.      That on or about December 2017, on her way out of her workplace, she said "Merry Christmas" to a co-worker.

9.      Since this event, Defendant treated her differently and eventually terminated her employment.

10.      Her immediate supervisor, Barbara Zalinsky, terminated her employment with Defendant. Plaintiff inquired as to the reason for termination, and Barbara Zalinsky, said "because you wish Shayla Merry Christmas".

### Count I – Violation of Human Rights Act

11. Plaintiff adopts and realleges each and every allegation of paragraphs 1 through 10 above as and for Paragraph 11 of Count I of her Complaint as through fully set forth herein.

12. This action is brought pursuant to Article II of the Illinois Human Rights Act [775 ILCS 5/2-101 *et seq.*].

13. For purposes of her Complaint, Defendant was at all times herein Plaintiff's employer as contemplated by 755 ILCS 5/2-101(B)(1)(b).

14.  At all-time relevant, Plaintiff was Defendant's employee as contemplated by 775 ILCS 5/2-101(A)(1).

15. For purposes of her Complaint, Barbara Zalinsky was a managerial employee and agent for the Defendant as contemplated by 775 ILCS 5/2-102 and at all times relevant to her

2

Complaint, Barbara Zalinsky had managerial and supervisory authority over Plaintiff in her capacity as an employee of the Defendant and had the authority to make hiring and firing decisions as it related to Plaintiff's employment with Defendant.

16. As a managerial and supervisory employee and agent of Defendant, Barbara Zalinsky, with the full knowledge of Defendant and under the scope of employment, engaged in the forgoing conduct set forth in paragraphs 4-10 above.

17. Within 180 days of the foregoing discrimination, Plaintiff brought a Charge of Discrimination against Defendant before the Illinois Department of Human Rights (hereinafter "the Department"), as contemplated by 775 ILCS 5/7A-102.

18. On January 4, 2021, the Department issued its written Notice of Right to Sue (hereinafter "Notice") pursuant to the provisions of 775 ILCS 5/7A-102(d), advising Plaintiff of her rights to file a civil action within 90 days of her receipt thereof. A copy of said Notice is attached hereto as **Exhibit A**.

19. As a result of the foregoing acts of religious discrimination against her by Defendant, its agent Barbara Zalinsky was at the time acting as an agent of Defendant having managerial authority over Plaintiff.

20. Plaintiff suffered severe and permanent emotional distress and psychological suffering and has suffered economic losses as a direct result of her employment and discharge, which is a direct and proximate result of the foregoing acts of discrimination.

21. The acts of the Defendants were so outrageous as to warrant the imposition of punitive damages authorized by the Illinois Human Rights Act in order to deter other employers from similar acts.

**WHEREFORE,** Plaintiff respectfully prays for the Plaintiff and against the Defendant for actual and punitive damages in an amount in excess of $50,000.00.

### Count II – Intentional Infliction of Emotional Distress

22. Plaintiff adopts and realleges each and ever allegation of Paragraphs 1 through 21 above as and for Paragraph 22 of Count II of her Complaint as though fully set forth herein.

23. The unlawful conduct as set forth in Paragraphs 4 through 10 above hereof were willful and deliberate and were of such a character that any reasonable person would know would cause the Plaintiff to suffer emotional distress.

24. That in so acting, Barbara Zalinsky, as a managerial and supervisory employee and agent of Defendant, with the full knowledge of Defendant and under the scope of employment, intentionally inflicted emotional distress upon the Plaintiff.

25. The conduct of Barbara Zalinsky, a managerial and supervisory employee and agent of Defendant, is so outrageous as to warrant an award of punitive damages to deter others from similar conduct as authorized and contemplated by the Illinois Human Rights Act.

WHEREFORE, Plaintiff respectfully prays for judgement for the Plaintiff and against the Defendant, in an amount in excess of $50,000.00

### Count III – Unlawful Employment Practice in Violation of Title VII of Civil Rights Act of 1964 §42 U.S.C., 2000e-2(a)(1) - religion

26. Plaintiff adopts and realleges each and every allegation of paragraphs 1 through 10 above as and for Paragraph 26 of Count III of her Complaint as through fully set forth herein.

27. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, §42 U.S.C, 2000e-2(a)(1).

4

28.     This Court has authority to adjudicate claims brought under Title VII of the Civil Rights Act of 1964, as amended, §42 U.S.C. 2000e, *et. seq.* *Yellow Freight System, Inc. v. Donnelly,* 494 U.S. 820, 110, S.Ct. 1566, 1567 (1999); *Blount v. Stroud,* 232 Ill. 2d 302, 328-30, 904 N.E.2d 1 (2009).

29.     Defendant TRISH MCEVOY, LTD. is a "person" within the meaning of §42 U.S.C, 2000e(a) and an employer as contemplated by §42 U.S.C, 2000e(b).

30.     Plaintiff was Defendant's "employee" as contemplated by §42 U.S.C. 2000e(f).

31.     Barbara Zalinsky was Defendant's "employee" as contemplated by §42 U.S.C. 2000e(f).

32.     Barbara Zalinsky is a managerial employee and agent of Defendant, had managerial and supervisory authority over Plaintiff in her capacity as an employee of Defendant and had the authority to make hiring and firing decisions as it related to Plaintiff's employment with Defendant.

33.     As a managerial and supervisory employee and agent of Defendant, Barbara Zalinsky, with full knowledge of Defendant and under the scope of employment, engaged in and/or otherwise permitted the forgoing conduct as set forth above.

34.     Plaintiff was discriminated against and harassed based on religion – Christianity. Plaintiff's termination by Barbara Zalinsky, her immediate supervisor, and the reason for termination given by Barbara Zalinsky, "because you wish Shayla Merry Christmas," constitutes direct evidence of discrimination.

35.     That Defendant is liable through the acts and/or omissions of its employees and/or agents.

5

36.     The foregoing acts perpetrated against Plaintiff by Defendant through its employees and/or agents constitute acts of unlawful employment practice, in violation of § 42 U.S.C., 2000e-2(a)(1).

37.     As a result of the foregoing unlawful employment practices perpetrated against her by Defendant, Plaintiff suffered severe and permanent emotional distress and psychological suffering and has suffered economic losses, which is a direct and proximate result of the foregoing acts of discrimination.

38.     Plaintiff is informed and believes, and based thereon alleges, that the Defendant's conduct as described above is intentional, willful, wanton, malicious and done in reckless disregard for the safety and well-being of Plaintiff. By reason thereof, Plaintiff is entitled to the imposition of punitive damages authorized by Title VII of the Civil Rights Act of 1964, amended, in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully prays for judgement for the Plaintiff and against the Defendant, in an amount in excess of $50,000.00

### JURY DEMAND

Plaintiff, by her attorneys, hereby demands a trial on all counts of the above-entitled cause.

Respectfully Submitted,

BONNIE J. HLEVYACK-SULLINS

/s/ Adeena Weiss Ortiz

WEISS ORTIZ, P.C.
1011 E. 31ST STREET
LAGRANGE PARK, IL. 60526
Ph: 708-937-9223
info@weissortizlaw.com

6

#40058

## VERIFICATION

    Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth above are true and correct except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

                                        */s/ Bonnie J. Hlevyack-Sullins*