UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BONNIE J. HLEVYACK-SULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21-cv-06646 |
| vs. | ) | |
| | ) | **JURY DEMAND** |
| TRISH MCEVOY, LTD., | ) | |
| | ) | Honorable Mary M. Rowland |
| Defendant. | ) | |

## SECOND AMENDED COMPLAINT AT LAW

NOW COMES Plaintiff, **BONNIE J. HLEVYACK-SULLINS,** by and through her attorneys, Weiss Ortiz P.C., and for her Second Amended Complaint against Defendant, **TRISH MCEVOY, LTD.,** states as follows:

### JURISDICTION

1. Jurisdiction is proper pursuant to 28 U.S.C. §1332(a).

2. Venue in this district is proper under 28 U.S.C. §1391(b). All events occurred within the Northern District of Illinois and all parties reside or have offices within the Northern District of Illinois. This case was removed by Defendant to this court on December 13, 2021.

### PARTIES

3. Defendant is an active corporation under the name "TRISH MCEVOY, LTD, and is a New Jersey corporation conducting business in the City of Chicago, State of Illinois.

4. Plaintiff is a resident of the City of Chicago, County of Cook, state of Illinois.

5. Defendant develops, manufactures and resales cosmetics. It also provides effortless makeup tools and hires make-up artists to provide make-up artistry services and to sell cosmetics in different locations in the City of Chicago, County of Cook.

## FACTS

6. Plaintiff was hired by Defendant on July 15, 2014.

7. Plaintiff was hired as a Make-Up-Artist. Her duties were to provide make up artistry to Defendant's clients at a variety of Chicagoland locations, including Nordstrom's and Blue Mercury stores.

8. That on or about December 7, 2019, on her way out of her workplace, Plaintiff said/wished "Merry Christmas" to a co-worker.

9. Since this event, Defendant treated Plaintiff differently than other similarly situated employees and terminated her employment.

10. On February 5, 2020, Plaintiff was discharged due to saying/wishing, "Merry Christmas."

11. Plaintiff was wrongfully discharged by Defendant because of her religious beliefs and her religion—Christianity, in violation of her legal rights.

12. Plaintiff's immediate supervisor, Barbara Zalinsky, terminated Plaintiff's employment with Defendant. Plaintiff inquired as to the reason for termination, and Barbara Zalinsky, said "because you wished Shayla Merry Christmas."

### Count I – Violation of Human Rights Act

13. Plaintiff adopts and realleges each and every allegation of paragraphs 1 through 12 above as and for Paragraph 13 of Count I of her Complaint, as though fully set forth herein.

14. This action is brought pursuant to Article II of the Illinois Human Rights Act, 775 ILCS 5/2-101, *et seq*, ("Act").

15. For purposes of this Complaint, Defendant was at all times herein Plaintiff's employer as contemplated by 755 ILCS 5/2-101(B)(1)(b).

2

16. At all-times relevant, Plaintiff was Defendant's employee as contemplated by 775 ILCS 5/2-101(A)(1).

17. For purposes of this Complaint, Barbara Zalinsky was at all times relevant a managerial employee and agent for the Defendant as contemplated by 775 ILCS 5/2-102.

18. At all times relevant to this Complaint, Barbara Zalinsky had managerial and supervisory authority over Plaintiff in her capacity as an employee of the Defendant and had the authority to make hiring and firing decisions as it related to Plaintiff's employment with Defendant.

19. As a managerial and supervisory employee and agent of Defendant, Barbara Zalinsky, with the full knowledge of Defendant and under the scope of employment, engaged in the forgoing conduct set forth in paragraphs 6-12 above.

20. Within 180 days of the foregoing discrimination, Plaintiff brought a Charge of Discrimination against Defendant before the Illinois Department of Human Rights (hereinafter "the Department"), as contemplated by 775 ILCS 5/7A-102.

21. On January 4, 2021, the Department issued its written Notice of Right to Sue (hereinafter "Notice") pursuant to the provisions of 775 ILCS 5/7A-102(d), advising Plaintiff of her rights to file a civil action within 90 days of her receipt thereof. A copy of said Notice is attached hereto as **Exhibit A**.

22. Plaintiff was discriminated against and wrongfully terminated based on religion – Christianity, in violation of the Act.

23. The Defendant is liable through the acts and/or omissions of its employees and/or agents.

24. As a result of the foregoing unlawful acts perpetrated against her by Defendant, by and through its agent Barbara Zalinsky, Plaintiff suffered severe emotional distress, psychological suffering, physical injuries in the form of facial disfigurement and other injuries, and has suffered economic losses as a direct result of her employment and wrongful termination, which is a direct and proximate result of the foregoing acts of discrimination.

25. The acts of the Defendant were so outrageous as to warrant the imposition of punitive damages authorized by the Act in order to deter other employers from similar acts.

**WHEREFORE**, Plaintiff, BONNIE J. HLEVYACK-SULLINS, respectfully prays for judgment against the Defendant, TRISH MCEVOY, LTD., in an amount in excess of $75,000 plus attorney's fees, costs, punitive damages and for any other relief this Court deems just and proper.

### Count II – Unlawful Employment Practice in Violation of Title VII of Civil Rights Act of 1964 §42 U.S.C., 2000e-2(a)(1) - Religion

26. Plaintiff adopts and realleges each and every allegation of paragraphs 1 through 12 above as and for Paragraph 23 of Count II of her Complaint, as though fully set forth herein.

27. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, §42 U.S.C, 2000e-2(a)(1).

28. This Court has authority to adjudicate claims brought under Title VII of the Civil Rights Act of 1964, as amended, §42 U.S.C. 2000e, *et. seq. Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 110 S. Ct. 1566, 1567 (1999); *Blount v. Stroud*, 232 Ill.2d 302, 328-30, 904 N.E.2d 1 (2009).

29. Defendant TRISH MCEVOY, LTD., is a "person" within the meaning of §42 U.S.C, 2000e(a) and an employer as contemplated by §42 U.S.C, 2000e(b).

30. At all times relevant, Plaintiff was Defendant's "employee" as contemplated by §42 U.S.C. 2000e(f).

31. At all times relevant, Barbara Zalinsky was Defendant's "employee" as contemplated by §42 U.S.C. 2000e(f).

32. At all times relevant, Barbara Zalinsky is a managerial employee and agent of Defendant, had managerial and supervisory authority over Plaintiff in her capacity as an employee of Defendant and had the authority to make hiring and firing decisions as it related to Plaintiff's employment with Defendant.

33. As a managerial and supervisory employee and agent of Defendant, Barbara Zalinsky, with full knowledge of Defendant and under the scope of employment, engaged in and/or otherwise permitted the forgoing conduct as set forth above.

34. Plaintiff was discriminated against and wrongfully terminated based on religion – Christianity. Plaintiff's termination by Barbara Zalinsky, her immediate supervisor, and the reason for termination given by Barbara Zalinsky, "because you wished Shayla Merry Christmas," constitutes direct evidence of discrimination.

35. That Defendant is liable through the acts and/or omissions of its employees and/or agents.

36. The foregoing acts perpetrated against Plaintiff by Defendant through its employees and/or agents constitute acts of unlawful employment practice, in violation of § 42 U.S.C., 2000e-2(a)(1).

37. As a result of the foregoing unlawful employment practices perpetrated against her by Defendant, Plaintiff suffered severe emotional distress and psychological suffering, physical injuries in the form of facial disfigurement and other injuries, and has suffered economic losses as

a direct result of her employment and wrongful termination as a direct and proximate result of the foregoing acts of discrimination.

38. Plaintiff, on information and belief, and based thereon alleges, that the Defendant's conduct as described above is intentional, willful, wanton, malicious and done in reckless disregard for the safety and well-being of Plaintiff. By reason thereof, Plaintiff is entitled to the imposition of punitive damages authorized by Title VII of the Civil Rights Act of 1964, amended, in a sum according to proof at trial.

WHEREFORE, Plaintiff, BONNIE J. HLEVYACK-SULLINS, respectfully prays for judgment against the Defendant, TRISH MCEVOY, LTD., in an amount in excess of $75,000 plus attorney's fees, costs, punitive damages and for any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff, by her attorneys, hereby demands a trial by jury on all counts of the above-entitled cause.

Respectfully Submitted,

BONNIE J. HLEVYACK-SULLINS

/s/ Adeena Weiss Ortiz
Adeena Weiss Ortiz

Adeena Weiss Ortiz
WEISS ORTIZ, P.C.
1011 E. 31ST STREET
LAGRANGE PARK, IL. 60526
Ph: 708-937-9223
info@weissortizlaw.com
#6278679

## **CERTIFICATE OF SERVICE**

I, Adeena Weiss Ortiz, an attorney, certify that on February 8, 2022 I caused a true and correct copy of the foregoing **SECOND AMENDED COMPLAINT AT LAW** to be filed with the Clerk of the United States District Court for the Northern District of Illinois and to be served upon all counsel of record through the Court's CM/ECF system.

/s/ Adeena Weiss Ortiz
Adeena Weiss Ortiz

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

FILED
4/5/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L003575
12819985

To: Bonnie J. Hlevyack-Sullins
c/o Adeena Weiss Ortiz
Weiss Ortiz, P.C.
1011 E. 31st Street
LaGrange Park, IL 60526

From: Chicago District Office
230 S. Dearborn
Suite 1866
Chicago, IL 60604

FILED DATE: 4/5/2021 12:00 AM 2021L003575

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2020-03229 | Sarronda Harris, Investigator | (312) 872-9728 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman/np*    1/4/2021

Enclosures(s)    Julianne Bowman,
District Director    (Date Mailed)

cc: TRISH MCEVOY, LTD.
c/o Trish McEvoy, President
5 East 57th Street
New York, NY 10022


EXHIBIT A

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*